Crim. No. 9099.   Second Dist., Div. Two.   Feb. 16, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID FRANKLIN MOORE, Defendant and Appellant.

Harry Margid, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was convicted, in a nonjury trial, of violating Health and Safety Code, section 11530: possession of marijuana.

On June 13, 1962, state narcotics officers, pursuant to a tip, went to the home of appellant's parents, to investigate a possible violation of the narcotics laws. Appellant was not home. Consent to a search of the house and garage was obtained from appellant's mother when the officers informed her why they were there. The officers found a bag of marijuana in the garage.

Appellant was arrested approximately four hours later in a nearby gas station. Appellant and the officers then returned to his parents' home where appellant was questioned about the marijuana.

Appellant at first denied knowing anything about the marijuana. After further questioning, in the presence of his parents, in the course of which appellant asserts the officers threatened to arrest his parents for the crime, though this was denied by the officers, appellant admitted possession of the marijuana and showed the officers where he had hidden the bag. This was the exact location where the officers had found the bag.

En route to the state building, appellant was asked where he had obtained the marijuana and why he had at first denied possession. Appellant replied that someone had given it to him in payment of a $90 debt, and that he had denied possession because he was trying to bluff his way through.

Appellant's sole contention on appeal is that the trial

court erroneously admitted the oral statements made to the officers.

The record is silent as to whether the officers at any time advised appellant of his right to counsel or of his absolute constitutional right to remain silent. (*Escobedo* v. *Illinois*, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977].)

In *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], the court, quoting from *Escobedo*, stated: " ' [W]here, as here, (1) the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, (2) the suspect has been taken into police custody, (3) the police carry out a process of interrogations that lends itself to eliciting incriminating statements, (4) the suspect has requested and been denied an opportunity to consult with his lawyer, and (5) the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied ''the Assistance of Counsel'' in violation of the Sixth Amendment to the Constitution . . . and that no statement elicited by the police during the interrogation may be used against him at a criminal trial.' " *Dorado* held that it was immaterial that the defendant had not requested counsel as was the situation in *Escobedo*.

The admission of appellant's oral confession to the officers is a denial of due process. *Dorado* classes oral statements taken in like circumstances in the same class as an involuntary confession and holds that such procedure is reversible error. *Dorado* requires reversal.

The judgment is reversed.

Herndon, J., and Kincaid, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 14, 1965. McComb, J., was of the opinion that the petition should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.